UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT KING and CHERIE KING, | ] | |
| | ] | |
| Plaintiffs, | ] | |
| | ] | |
| v. | ] | CV-03-BE-2774-E |
| | ] | |
| CALHOUN COUNTY COMMISSION, *et al.* | ] | |
| | ] | |
| Defendants. | ] | |
| | ] | |

ENTERED

NOV - 8 2004

## MEMORANDUM OPINION

Before the court is the "Motion to Dismiss for Failure to Attend Deposition and

Prosecute" (Doc. 58) filed by Defendants Calhoun Cleburne County Drug Task Force, Mike

Reese, Jason Murray, Billy Norris, Vance Patton, Stan Ray, Marc Green, Terry Haney, Bryan

Ingram, and Jay Wigley.  Also before the court is "Defendant City of Anniston's Motion for

Summary Judgment" (Doc. 62).  For the reasons stated in this opinion, the court grants the

"Motion to Dismiss for Failure to Attend Deposition and Prosecute" (Doc. 58) and orders this

case dismissed with prejudice as to Defendants Calhoun Cleburne County Drug Task Force,

Mike Reese, Jason Murray, Billy Norris, Vance Patton, Stan Ray, Marc Green, Terry Haney,

Bryan Ingram, and Jay Wigley because the Plaintiffs have failed to prosecute the case by failing

to attend their deposition as required by Rule 37 of the Federal Rules of Civil Procedure. The

court holds that  Plaintiffs must reimburse the Defendants who filed the motion for sanctions for

1

Plaintiffs' failure to attend the deposition (Doc. 58) for the reasonable expenses, including attorneys' fees, caused by the Plaintiffs' failure to attend. Further, the court grants "Defendant City of Anniston's Motion for Summary Judgment" (Doc. 62) and dismisses the City of Anniston from the case with prejudice.

**I. "Motion to Dismiss for Failure to Attend Deposition and Prosecute (Doc. 58)**

In their response to the court's order to show cause why this case should not be dismissed for failure to prosecute (Doc.60), the Plaintiffs do not explain why they did not attend their deposition except to say that

> if the dismissed [claims] were still involved in the case, we would be happy to pursue this case with confidence; however, all wrong-doings of the defend[a]nts were not taken into consideration....This leaves our family fighting a losing battle. The plaintiff's [sic] health conditions enable [sic] them to tolerate the stress and humiliation of having to think about and relive that night. Their health is more important!

Doc. 60, Ex. A. On his clients' behalf, the Plaintiffs' attorney has asked that "the Court not impose costs on the Plaintiffs for choosing an emotional, unorthodox manner of abandoning their claims." Doc. 60, p. 2. Therefore, the only reason the Plaintiffs give for their failure to attend their own deposition is that they no longer wish to pursue this lawsuit. Under Federal Rule of Civil Procedure 37(d), a court may make "such orders regarding the failure [to attend a party's own deposition] as are just," including dismissal of the case. In light of the fact that Plaintiffs no longer wish to pursue this lawsuit and have chosen to abandon their suit by failing to attend their deposition, the court finds that dismissing the action for failure to prosecute as to the Defendants who moved for such dismissal is just.

Further, the court finds that the Plaintiffs' failure to attend their deposition was not

substantially justified and no other circumstances make an award of expenses unjust. The

Plaintiffs knew the date, time, and place of their deposition. Doc. 58, Ex. A, Exs. 1 and 2.

Because the Plaintiffs notified no one, not even their lawyer, that they would not attend the

deposition, the other parties' counsel and several of the Defendants attended the deposition. *See*

Doc. 60, p. 2; Doc. 58, p. 2 and Ex. A. The Plaintiffs' only explanation as to why they should

not be held responsible to the Defendants for the costs the others incurred when the Plaintiffs

failed to attend is that the Plaintiffs "do not feel [they] are responsible for court costs, attorney

fees, or travel expenses." Doc. 60, Ex. A p.2. The Plaintiffs' feelings of irresponsibility are

insufficient to persuade this court that their decision to skip the deposition without telling anyone

was substantially justified or that an award of expenses is otherwise unjust.

Because the court finds that Plaintiffs' failure to attend their deposition was not

substantially justified and no other circumstances make an award of expenses unjust, as required

by Federal Rule of Civil Procedure 37(d), the court holds that Plaintiffs must reimburse the

Defendants who filed the motion for sanctions for Plaintiffs' failure to attend their own

deposition (Doc. 58) for the reasonable expenses, including attorneys' fees, caused by the

Plaintiffs' failure to attend. The court reserves its ruling on the precise amount of sanctions until,

as required by the order entered contemporaneously with this opinion, those Defendants have

submitted a statement of their expenses, including attorney's fees, caused by Plaintiffs' failure to

appear at the deposition.

## II.  "Defendant City of Anniston's Motion for Summary Judgment" (Doc. 62)

Summary judgment is appropriate if no genuine issue of material fact exists and the

moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). As movant, the

3

City of Anniston has the initial burden to demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the City has met its burden, the Plaintiffs "must make a sufficient showing to establish the existence of each essential element to that party's case, and on which that party will bear the burden of proof at trial." *Howard v. BP Oil Co.*, 32 F.3d 523 (11th Cir. 1994) (citing *Celotex*, 477 U.S. at 324).

The City has shown by its submissions that no genuine issue of material fact exists in that neither the City nor its agents were in any way involved in the incidents and injuries alleged in the remaining counts of the complaint. *Doc.* 63, p.4; *Doc.* 63, Ex. C. Instead of countering the City's showing, the Plaintiffs agree that the City is not responsible for their injuries and state that they "do not have any evidence or argument to submit in opposition to the [City's] motion." *Doc.* 65. Because neither the City nor its agents had anything to do with the injuries alleged in the complaint, as a matter of law the City cannot be liable to the Plaintiffs under any of the remaining theories alleged in the complaint. *See City of Canton v. Harris*, 489 U.S. 379, 386 (1989) (noting that "a municipality can be found liable under [42 U.S.C.] § 1983 only where the municipality *itself* causes the constitutional violation at issue"); *City of Lanett v. Tomlinson*, 659 So. 2d 68, 70 (Ala. 1995) (noting that a "municipality may be liable. . .under the doctrine of *respondeat superior* for injuries that result from the wrongful conduct of *its* agents or officers in the line of duty") (emphasis added); *Sanders v. Shoe Show, Inc.*, 778 So. 2d 820, 824 (Ala. Civ. App. 2000) (noting that liability for negligent hiring, training, and supervision occurs when, "in the master and servant relationship, the master is held responsible for *his* servant's incompetency") (emphasis added).

Because the City is entitled to judgment as a matter of law that it is not liable to the

Plaintiffs, the court grants in part the City's motion for summary judgment as to all remaining

claims against the City. Further, because no claims remain against Defendant City of Anniston,

the court dismisses the City of Anniston with prejudice from the case.

A separate order will be entered contemporaneously with this opinion.

Dated this _____ day of November, 2004.

KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE